UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

O'BRIEN CONSTRUCTION COMPANY, INC.,

       Plaintiff,                                  Hon. Janet T. Neff

v.                                                            No. 1:11-cv-01151

GYPSUM SUPPLY CENTRAL, INC., et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Default Judgment (Dkt. 16), which was referred to the undersigned by the Hon. Janet T. Neff for report and recommendation under 28 U.S.C. § 636(b)(1)(B). This is an interpleader action originally filed in state court. Plaintiff, O'Brien Construction Company, Inc. ("O'Brien"), was the general contractor on a Michigan construction project. Summit Commercial Construction ("Summit") was a subcontractor providing material, equipment and labor necessary for large timber construction, rough carpentry, drywall, metal stud and related items for the project. O'Brien owed Summit $69,641.22 as final payment on the project. Gypsum Supply Central, Inc. ("Gypsum") was a subcontractor to Summit. O'Brien was subjected to competing claims for the funds in that both the Internal Revenue Service and Gypsum had claimed them. The IRS claimed funds on or about April 4, 2011 via a Notice of Levy in an attempt to collect funds owed by Summit for unpaid payroll taxes in the amount of $218,325.92. See Exhibit A attached to plaintiff's complaint (Dkt. 1). On August 19, 2011, Gypsum served on O'Brien a request and writ for garnishment (nonperiodic) and request and writ for garnishment (periodic) which sought to garnish funds from O'Brien to satisfy a judgment Gypsum had against Summit in

the amount of $33,400.30, together with interest and costs. See exhibits B and C attached to the complaint (Dkt. 1). Both Gypsum and the United States Department of Treasury – Internal Revenue Service, have filed appearances in this matter. Summit has not. Default was entered against Summit on January 31, 2012 (Dkt. 15). O'Brien filed a motion for entry of default judgment against defendant Summit on February 14, 2012 (Dkt. 16). A hearing on that motion was set for March 20, 2012. None of the defendants appeared at the hearing.

In summary, O'Brien seeks to deposit the remaining amounts owing to Summit with the Clerk of the Court, leaving Gypsum and the IRS to sort out their competing claims. Therefore, the undersigned recommends that Plaintiff's Motion for Default Judgment (Dkt. 16) be GRANTED and that the proposed order filed by plaintiff (Dkt. 20) be entered by the Hon. Janet T. Neff. The court further recommends that the matter be referred to the undersigned for a status conference regarding the competing claims of Gypsum and the Internal Revenue Service.

Respectfully submitted,

Date:  April 3, 2012                            /s/ Ellen S. Carmody
                                                ELLEN S. CARMODY
                                                United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Oh